On this appeal from convictions following a jury trial before Judge Patricia Cleary, I agree that the convictions should be affirmed but, because of plain error in the sentencing, I would vacate the sentence and remand for re-sentencing. Although Drake has not challenged his sentence through an assignment of error, we have previously recognized our authority to recognize and address it. State v. Beranek (Dec. 14, 2000), Cuyahoga App. No. 76260, unreported; State v. Slagter (Oct. 26, 2000), Cuyahoga App. No. 76459, unreported. Moreover, recent amendments to R.C. 2953.08 manifest the legislature's express intent to ensure a trial judge's compliance with the letter and spirit of the statutory sentencing guidelines by increasing appellate scrutiny and requiring independent review of sentencing proceedings. R.C. 2953.08(G), as amended by H.B. 331.
Drake was sentenced to the maximum ten-year prison term for the first degree felony of aggravated burglary, and to a consecutive five-year prison term for the second degree felony of felonious assault. The judge misstated the record in imposing sentence and failed to make the required findings for imposing consecutive sentences.
In response to a plea for mercy by Drake's girlfriend, the judge stated that he had over 25 or 30 felony convictions, which included violent offenses. In support of this statement, she read into the record the complete list of Drake's offense history as stated in his pre-sentence investigation report. Almost half of the 25 or 30 felony convictions were part of Drake's juvenile record,[1] another five concerned driving offenses, and several more concerned petty drug offenses. The judge apparently made no distinction between charges and actual convictions, because at least seven of the listed charges were nolled or dismissed, and did not result in convictions. Some of the offenses could only be charged as misdemeanors, and many concerned theft charges that could not be specified as either felony or misdemeanor charges without further details concerning the character and value of the property at issue. R.C. 2913.02. The final tally, as stated by the officer who prepared the pre-sentence report, was that Drake had four adult felony convictions and five adult misdemeanor convictions. His juvenile record primarily consisted of a string of theft charges, none of which were described, although other portions of the pre-sentence report suggested that these could have been shoplifting incidents.
Although the evidence at trial clearly showed that Drake had not personally committed any violence upon the victim, the judge sentenced him on the felonious assault conviction after stating her conclusion that he had personally pistol whipped the victim. Elsewhere during the hearing, the judge indicated an understanding that Drake had not participated in the beating, but her misstatement concerning his propensity for violence nonetheless renders her sentencing conclusions suspect, because she overstated his criminal record and also mistakenly referred to his history of convictions for violent offenses. The pre-sentence report showed that although Drake, as an adult, had been charged on two occasions with violent offenses, in both cases he was convicted of lesser, non-violent crimes and his juvenile record lacks the details from which one could conclude that he was convicted of violent offenses.
When a judge imposes the maximum prison term he must make a finding that the offender committed the worst form of the offense or is most likely to commit future offenses. R.C. 2929.14(C). When imposing consecutive sentences, he must find that: a) the consecutive sentences are necessary to protect the public from future crime or to punish the offender; b) consecutive sentences are not disproportionate to the seriousness of the offender's conduct; c) consecutive sentences are not disproportionate to the danger the offender poses to the public; and d) the offenses were committed while the defendant was under supervision for another offense or the harm created by the offenses was exceptional or the offender's criminal history shows the need to protect the public from future crime. R.C. 2929.14(E)(4). When imposing a maximum sentence or consecutive sentences, a judge must also cite reasons in support of the sentences. R.C. 2929.19(B)(2).
In Drake's case, the judge found that his criminal history made him likely to commit further offenses, and used this finding to support both the maximum prison term for aggravated robbery and the consecutive sentences. She failed, however, to make the further findings required when imposing consecutive sentences; that the fifteen-year sentence was not disproportionate to the seriousness of Drake's conduct and the danger he posed to the public. Moreover, the amendments to R.C. 2953.08 show that these findings are not to be implied — the General Assembly did not compose such a detailed list of requirements only to have every element satisfied by a single reference to a defendant's criminal record.
Drake was convicted of two offenses stemming from a single course of conduct and, even though this is not prohibited, the statutory scheme governing such circumstances strongly resists imposing a prison term greater than the maximum allowable for the offense of the highest degree. R.C. 2929.19(B)(2)(e), 2953.08(A)(1)(b). The judge stated no reasons for imposing a fifteen-year sentence for Drake's conduct in this single incident and we should not condone such cavalier sentencing decisions that completely ignore statutory provisions or apply them without giving thought to the reasons for their existence within the entire scheme.
If, however, the judge had made the required findings, the record, as shown supra, still does not support her conclusions. While Drake had a lengthy history, she made exaggerated statements concerning the seriousness of his offenses and his history of violence, which have no basis. A juvenile shoplifting record and a history of arrests for driving without a license do not add up to over 25 to 30 felony convictions, or convictions for violent offenses. Had the judge intended to impose maximum or consecutive sentences on the basis of Drake's criminal history, she was obligated to show an objective and fair understanding of what that history was before doing so.
I would affirm the convictions, but vacate Drake's sentence and remand for re-sentencing.
[1] The judge's extensive reading of Drake's juvenile history into the record violates the spirit of statutory provisions intended to make both pre-sentence investigation reports and juvenile records confidential.